Brian D. Chenoweth, OSB No. 944991
Chenoweth Law Group, PC
510 SW Fifth Avenue, Fifth Floor
Portland, OR  97204
Telephone:  (503) 221-7958
Facsimile:  (503) 221-2182
E-mail: bdc@northwestlaw.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### Portland Division

| | |
|---|---|
| BRIAN CLARK and COLIN CLARK, | Case No. 3:19-cv-00550 |
| Plaintiffs, | |
| v. | COMPLAINT |
| MERRILL LYNCH PIERCE FENNER & SMITH, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

For their complaint against Merrill Lynch Pierce Fenner & Smith, Inc., plaintiffs Brian

Clark and Colin Clark (together, "Plaintiffs") allege as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Brian Clark lives in Camas, Washington, and is a citizen of Washington. Brian

Clark is the personal representative of his father, Lowell Clark's estate.

2.

Plaintiff Colin Clark lives in Tucson, Arizona, and is a citizen of Arizona.

/ / /

Page 1 -    COMPLAINT

3.

Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") is a corporation of the State of New York doing business in Multnomah County.  Merrill Lynch maintains continuous and systematic business contacts within Oregon, including, among other things, continuous and systematic contacts in and with Multnomah County.  Merrill Lynch is in the business of, among other things, acting as custodian of Individual Retirement Accounts ("IRAs") through its Merrill Edge® program.

4.

Lowell Clark was Plaintiff Brian Clark's father.  Lowell Clark lived in Camas, Washington, and was a citizen of Washington.  Lowell Clark died on December 18, 2018.

5.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332(a)(1) because it is a controversy between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## BACKGROUND FACTS

6.

Prior to 2011, Lowell Clark held a Roth IRA and SEP IRA at Vanguard Group and Bank of America Investment Services.  The IRA beneficiaries were one his two sons, Brian L. Clark and Colin E. Clark, and the contingent beneficiary was his grandson, Nicolas L. Clark.

7.

In or around 2010, Lowell Clark transferred the IRAs to Merrill Lynch. The Roth IRA was assigned account number 29X-17263. The SEP IRA was assigned account number 51X-17264.

8.

From 2010 to December 18, 2018, Merrill Lynch was the custodian of the SEP and Roth IRAs (together, the "IRAs").

Page 2 -    COMPLAINT

9.

On December 18, 2018, the Roth IRA had a value of $551,222.04 and the SEP IRA had a value of $486,750.48.

10.

From 2009 through December 18, 2018, Lowell Clark lived with Plaintiff Brian Clark.

11.

At all times from the transfer of the IRAs from Vanguard and Banc of America to Merrill Lynch through Lowell Clark's death, Merrill Lynch represented to Lowell Clark that the beneficiary of the Roth IRA was Plaintiff Brian Clark and the beneficiary of the SEP IRA was Plaintiff Colin Clark.

12.

Plaintiff Brian Clark had conversations with his father Lowell Clark in which Lowell Clark told Plaintiff Brian Clark that he wanted the Roth IRA to go to Brian Clark and the SEP IRA to go to Colin Clark after his death, and had him prepare to manage them by reading books about how to maximize their long-term tax advantages.

13.

After Lowell Clark's death, Plaintiffs separately contacted Merrill Lynch to claim the IRAs. Merrill Lynch representatives told Plaintiff Brian Clark he was the beneficiary of the Roth IRA and told Plaintiff Colin Clark he was the beneficiary of the SEP IRA.

14.

Over the next several days, Plaintiffs each had conversations with Merrill Lynch representatives about how to transfer the money in Lowell Clark's IRAs to new accounts set up for the Plaintiffs.

15.

Merrill Lynch instructed the Plaintiffs to open "Inherited IRA" accounts for the purpose of transferring the funds.

16.

On January 17, 2019, the day before the funds were to be transferred to the new accounts, a Merrill Lynch representative called Plaintiff Brian Clark and told him he was no longer the beneficiary of the Roth IRA.

17.

The Merrill Lynch representative told Plaintiff Brian Clark that Merrill Lynch had received a change of beneficiary form from Lowell Clark in 2012 but had rejected it.

18.

The Merrill Lynch representative told Plaintiff Brian Clark that on or about the day of the call Merrill Lynch had decided to accept the 2012 change of beneficiary form.

19.

The Merrill Lynch representative told Plaintiff Brian Clark that the new beneficiary was Janet Fiero.

20.

Janet Fiero is Lowell Clark's ex-wife and ex-stepmother of Plaintiffs Brian Clark and Colin Clark. Janet Fiero and Lowell Clark were divorced in 2008.

21.

Plaintiff Colin Clark called Merrill Lynch and a representative told him substantially the same story with regard to the SEP IRA.

## FIRST CLAIM FOR RELIEF—BREACH OF CONTRACT

### (By Plaintiffs Against Merrill Lynch)

22.

Plaintiffs incorporate the allegations above in Paragraphs 1 through 21 and further allege:

23.

Lowell Clark and Merrill Lynch entered into custodial and other agreements for the IRAs.

Page 4 -    COMPLAINT

24.

The agreements allow Lowell Clark to designate beneficiaries for the IRAs.

25.

Lowell Clark designated Plaintiffs as the beneficiaries of the IRAs.

26.

Merrill Lynch accepted Plaintiffs as the beneficiaries of the IRAs.

27.

Upon information and belief, the custodial agreements required Merrill Lynch to distribute all IRA funds to Plaintiffs upon Lowell Clark's death, stating in relevant part (or substantially similar language):

> "Any balance left in your account at your death will be paid to the primary beneficiaries in accordance with the share percentages you designate."

28.

Lowell Clark died on December 18, 2018.

29.

The funds have not been timely distributed to Plaintiffs.

30.

Merrill Lynch has no lawful excuse or justification for delay in disbursing the funds.

31.

Plaintiffs have been damaged by the delay from Merrill Lynch withholding the funds.

32.

Plaintiffs were the intended beneficiaries of Lowell Clark's contracts with Merrill Lynch from the date the accounts were opened because they were named as beneficiaries of the IRAs.

33.

Plaintiffs are third-party beneficiaries of Lowell Clark's agreements with Merrill Lynch

because the agreements provided a benefit directly to Plaintiffs.

34.

Merrill Lynch has duties under New York Law in contract to Plaintiffs as the beneficiary of the IRAs.

35.

For the reasons set forth above, Merrill Lynch breached those duties by failing to distribute the funds in the IRAs to Plaintiffs in a timely manner.

36.

Plaintiffs are entitled to an award of damages against Merrill Lynch for breach of contract in the amount of $1,037,972.52 plus prejudgment interest.

## SECOND CLAIM FOR RELIEF—BREACH OF FIDUCIARY DUTY

### (By Plaintiffs Against Merrill Lynch)

37.

Plaintiffs incorporate the allegations above in Paragraphs 1 through 21 and further allege:

38.

Lowell Clark and Merrill Lynch entered into custodial and other agreements for the IRAs.

39.

The agreements allow Lowell Clark to designate beneficiaries for the IRAs.

40.

Lowell Clark designated Plaintiffs as the beneficiaries of the IRAs.

41.

Merrill Lynch accepted Plaintiffs as the beneficiaries of the IRAs.

42.

The custodial agreements required Merrill Lynch to distribute all IRA funds to Plaintiffs upon Lowell Clark's death.

Page 6 -    COMPLAINT

43.

Lowell Clark died on December 18, 2018.

44.

The funds have not been timely distributed.

45.

Merrill Lynch has no lawful excuse or justification for delay in disbursing the funds.

46.

Plaintiffs have been damaged by the delay from Merrill Lynch withholding the funds.

47.

Merrill Lynch has had exclusive control over the funds from the IRAs since Lowell Clark's death.

48.

Plaintiffs, the named beneficiaries, are entirely reliant on Merrill Lynch for access to the funds in the IRAs and any information about them.

49.

Merrill Lynch was obligated to administer the IRAs for the exclusive benefit of Plaintiffs.

50.

Merrill Lynch was obligated to timely distribute the proceeds from the IRAs after Lowell Clark's death.

51.

Merrill Lynch has unreasonably failed to take measures to inform Plaintiffs about the status of the funds.

52.

Merrill Lynch has failed to timely distribute the proceeds from the IRAs to Plaintiffs.

53.

By reason of the foregoing, Merrill Lynch has breached its fiduciary duty to Plaintiffs.

54.

Plaintiffs are entitled to an award of damages against Merrill Lynch for breach of fiduciary duty in the amount of $1,037,972.52 plus prejudgment interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for relief as follows:

On their FIRST CLAIM FOR RELIEF:

    (1) a money award to Plaintiffs and against Merrill Lynch in the amount of at least $1,037,972.52 plus prejudgment interest at the statutory rate; and

    (2) all other relief the Court deems just and reasonable under the circumstances; and

On their SECOND CLAIM FOR RELIEF:

    (1) a money award to Plaintiffs and against Merrill Lynch in the amount of at least $1,037,972.52 plus prejudgment interest at the statutory rate; and

    (2) all other relief the Court deems just and reasonable under the circumstances; and

DATED: April 12, 2019

        CHENOWETH LAW GROUP, PC

        */s/ Brian D. Chenoweth*
        Brian D. Chenoweth, OSB No. 944991
        510 SW Fifth Ave., Fifth Floor
        Portland, OR  97204
        Phone: (503) 221-7958
        Fax:  (503) 221-2182
        Email: bdc@northwestlaw.com

        *Attorneys for Plaintiffs*